# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 12-1271** (Boone County 11-F-83)

**Matthew Scott Cook,**
**Defendant Below, Petitioner**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and defendant below Matthew Scott Cook, by counsel Matthew Hatfield and M. Joel Baker, appeals the Circuit Court of Boone County's "Second Amended Order Upon Suppression Hearing," entered September 20, 2010, that denied petitioner's motion to suppress an audio/video recording that showed petitioner delivering an Oxycodone pill. The State, by its counsel Robert D. Goldberg, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 5, 2010, Deputy R.B. Dotson executed and presented to Magistrate Charles Byrnside an "Application for Electronic Interception Order Pursuant to West Virginia Code § 62-1F-1, et seq." (the "affidavit"). In relevant part, the affidavit stated that

> [O]n the 23rd Day of October 2009, that in said county the felony . . . offense of Delivery of a Controlled Substance has, is currently, or will be committed. . . . Over the past several days, Officers of the U.S. 119 Task Force has (sic) received information that JoAnn Jarrell has been selling drugs out of [her] residence. On August 5, 2010, a cooperating individual, that has been used in the past, and has been found to be reliable, contacted this officer and advised that JoAnn Jarrell was selling controlled substances from [her] residence. The cooperating individual further stated that JoAnn Jarrell stated that she would sell a controlled substance in exchange for US Currency.

The magistrate concluded that the affidavit established probable cause and issued an "Order Authorizing Electronic Interception Pursuant to West Virginia Code § 62-1F-1 et seq." (the "search warrant") which said, "[t]he type of conduct or communication sought to be

1

intercepted are any audio and/or video conversations, audio/or video with JoAnn Jarrell, and/or any other person present inside the aforementioned residence during any exchange of controlled substances for US currency. . . ."

On August 9, 2010, the cooperating individual, acting at the direction of Deputy Dotson and the U.S. 119 Task Force, entered JoAnn Jarrell's residence wearing a hidden audio/video recorder. Once inside, the cooperating individual purchased one Oxycodone pill from petitioner, JoAnn Jarrell's son, who lived primarily in JoAnn Jarrell's residence.

Petitioner was indicted during the April of 2011 term of court on one count of Delivery of a Schedule II Controlled Substance-Oxycodone, and one count of conspiracy. However, the indictment failed to name petitioner's co-conspirator.

On November 8, 2011, petitioner's counsel filed motions (1) to dismiss the conspiracy count for failure to name petitioner's co-conspirator, and (2) to suppress the recording made by the cooperating individual on the ground that the affidavit used to obtain the search warrant was "bare bones and conclusory" and, as such, insufficient to establish probable cause. The circuit court held a two-day hearing on petitioner's motions in February of 2012. JoAnn Jarrell and Deputy Dotson testified. Thereafter, the circuit court granted petitioner's motion to dismiss the conspiracy count, but denied petitioner's motion to suppress the evidence obtained as a result of the search warrant.

On May 2, 2012, petitioner entered a conditional guilty plea to one count of Delivery of a Schedule II Controlled Substance-Oxycodone. The circuit court sentenced petitioner to not less than one nor more than fifteen years in prison, then suspended the sentence and placed petitioner on three years of supervised probation. The circuit court entered petitioner's "Second Amended Order Upon Conditional Plea, Sentencing and Probation" on September 20, 2012. That same day, the circuit court issued a "Second Amended Order Upon Suppression Hearing" in which it found as follows:

> The affidavit specified on its face that the cooperating individual had been used in the past and had been found to be reliable, therefore, the affidavit was sufficient to establish probable cause pursuant to *State v. Lilly*, 194 W.Va. 595, 461 S.E.2d 101 (1995).

> The affidavit accidentally contained an incorrect date—the 23rd Day of October 2009—which was not sufficient to void the search warrant.

Petitioner now appeals the circuit court's order denying his motion to suppress the recording made by the cooperating individual.

In *Lilly*, 194 W.Va. at 600, 461 S.E.2d at 106 (internal citations and footnote omitted), we set forth the standard of review for motions to suppress:

> [W]e first review a circuit court's findings of fact when ruling on a motion to suppress evidence under the clearly erroneous standard. Second, we review *de*

2

*novo* questions of law and the circuit court's ultimate conclusion as to the constitutionality of the law enforcement action. Under the clearly erroneous standard, a circuit court's decision ordinarily will be affirmed unless it is unsupported by substantial evidence; based on an erroneous interpretation of applicable law; or, in light of the entire record, this Court is left with a firm and definite conviction that a mistake has been made. When we review the denial of a motion to suppress, we consider the evidence in the light most favorable to the prosecution.

On appeal, petitioner first argues that Deputy Dotson's affidavit was insufficient to establish probable cause for the issuance of the search warrant. Specifically, petitioner claims that Deputy Dotson (1) had no knowledge as to whether the cooperating individual had been used in the past and found to be reliable, and (2) failed to independently verify or corroborate the information obtained from the informant pursuant to Syllabus Point 4 of *Lilly*:

A key issue in determining whether information provided by an informant is sufficient to establish probable cause is whether the information is reliable. An informant may establish the reliability of his information by establishing a track record of providing accurate information. However, where a previously unknown informant provides information, the informant's lack of a track record requires some independent verification to establish the reliability of the information. Independent verification occurs when the information (or aspects of it) is corroborated by independent observations of the police officers.

*Id.* at 598, 461 S.E.2d at 104.

At the outset, we note that "[o]ur review of a magistrate's probable cause determination is deferential. Simply stated, our task is to determine whether the magistrate had a substantial basis for the decision. We accord a magistrate's decision great deference and will not invalidate a warrant by interpreting an affidavit in a hypertechnical, rather than a commonsense, manner." *Id.* at 600, n. 4, in part, 461 S.E.2d at 106, n. 4, in part.

Applying such a commonsense review, we find that the record on appeal does not support petitioner's assignment of error. At the suppression hearing, Deputy Dotson testified that he was "sure" that he had used the cooperating individual "for controlled purchases in the past," even though he could not remember the specific dates. The Deputy also testified that if he used the cooperating individual, that individual must have provided reliable information in the past. This testimony comports with the Deputy's sworn statement on the affidavit that the cooperating individual had been "used in the past" and "found to be reliable." Considering this evidence in the light most favorable to the prosecution, we cannot say that the circuit court erred in finding that the magistrate had probable cause to issue the search warrant. As for petitioner's argument that the Deputy was required to independently verify or corroborate the information obtained from the cooperating individual, we find that Syllabus Point 4 of *Lilly* does not apply in this case because the cooperating individual was not "a previously unknown informant."

3

Petitioner next argues that, after the circuit court struck an erroneous date from the affidavit, the affidavit lacked sufficient content to support a finding of probable cause. The erroneous date appeared in the first sentence of the first paragraph of the affidavit and read as follows: "*[O]n the 23rd Day of October 2009*, that in said county the felony . . . offense of Delivery of a Controlled Substance has, is currently, or will be committed." (Emphasis added.) Petitioner argues that in the absence of a date, "the affidavit has a staleness problem."

At the suppression hearing, Deputy Dotson testified that the erroneous date was a typographical error and that the correct date, although not included, was August 5, 2010, which was the date the Deputy executed the affidavit. We find that the inclusion of the erroneous date alone did not invalidate the search warrant. In Syllabus Point 2, in part, of *Lilly*, we said, "[a] search warrant affidavit is not invalid even if it contains a misrepresentation, if, after striking the misrepresentation, there remains sufficient content to support a finding of probable cause. . . ." *Id.* at 598, 461 S.E.2d at 104.

As to whether—after removal of the erroneous date—the affidavit contained sufficient content to support a finding of probable cause, the circuit court first noted that without the offending date, the search warrant read as follows: "that in said county the felony offense of delivery of a controlled substance has, *is currently*, or will be committed." (Emphasis added.) The circuit court then found that the phrase "is currently" would refer to the date the affidavit was executed, August 5, 2010. As such, the information in the affidavit was not stale. We therefore conclude, in the light most favorable to the prosecution, that the circuit court did not err in finding that the magistrate court had sufficient probable cause to grant the search warrant.

Based on the foregoing, we find petitioner's last assignment of error—that the information contained within the four corners of the affidavit was insufficient to establish probable cause—lacks merit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4